UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUZAN HOZI,<br><br>                              Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY COMMISSIONER,<br><br>                              Defendant. | Case No.: 23-CV-31-WVG<br><br>**ORDER ON PLAINTIFF'S MOTION TO APPOINT COUNSEL** |

Pending before the Court is Plaintiff's Motion to Appoint Counsel ("Motion"). (Doc. No. 3.) In support of her Motion, Plaintiff explains she is not employed and relies exclusively on her husband's annual income totaling $72,000 to fund her living expenses. (*Id*.) Plaintiff also notes she has not retained counsel in this matter and does not identify any efforts she has undertaken to obtain counsel to represent her here. (*Id*.) Having reviewed and considered these circumstances, the Court DENIES Plaintiff's Motion.

There is no constitutional right to appointment of counsel in a civil case unless a self-represented litigant may lose her physical liberty if she loses the litigation. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). 28 U.S.C. section 1915(e)(1) grants district courts discretion to appoint counsel to any person unable to afford counsel if, and only if, a self-represented litigant

makes a showing of reasonable diligence to obtain counsel. *Vader v. Social Security Administration*, 2019 WL 13204736 at *1 (S.D. Cal. May 13, 2019) (citing 28 U.S.C. § 1915(e)(1) and *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993).).

If such a showing of reasonable diligence is made, district courts are then permitted to exercise their discretion to appoint counsel under "exceptional circumstances." *Coffmann v. Commissioner of Social Security*, 2018 WL 6252524 at *2 (S.D. Cal. Mar. 26, 2018) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).). Exceptional circumstances require "evaluat[ing] [] the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate [her] claims in light of the complexity of the legal issues involved." *Id.* (citing *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) and *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).).

As a threshold matter here, Plaintiff has failed to show what efforts she has made to obtain counsel before seeking this Court's intervention. Plaintiff's silence on this point indicates she has made no efforts. For this reason alone, the Court finds it lacks any discretion to consider her request for appointment of counsel. *Edwards v. Social Security*, 2019 WL 5191682 at *4 (S.D. Cal. Oct. 15, 2019); *Garcia v. Smith*, 2012 WL 2499003 at *4 (S.D. Cal. June 27, 2012). However, even if the Court has the discretion to appoint counsel here – which it does not – Plaintiff fails to meet her burden under the exceptional circumstances framework. Specifically, there is insufficient information to evaluate (1) Plaintiff's likelihood of succeeding on the merits and (2) why she is not able to articulate her legal claims herself. Accordingly, the Court DENIES Plaintiff's Motion to Appoint Counsel.

**IT IS SO ORDERED.**

DATED:  January 20, 2023

_____
Hon. William V. Gallo
United States Magistrate Judge