UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUZAN H.,[1] <br><br>   Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of the Social Security Administration,[2] <br><br>   Defendant. | Case No.: 3:23-cv-00031-VET <br><br> **ORDER ON JOINT MOTION FOR JUDICIAL REVIEW OF FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECUIRTY** <br><br> [Doc No. 22] |

---

[1] Partially redacted in compliance with Civil Local Rule 7.1(e)(6)(b).
[2] Martin O'Malley is substituted for Kilolo Kijakazi pursuant to Fed. R. Civ. P. 25(d).

## I. INTRODUCTION

Proceeding pro se, Plaintiff Souzan H. seeks review of the Commissioner of Social Security Administration's ("Commissioner") denial of her application for supplemental security income benefits. Doc. No. 1. Before the Court is the parties' Joint Motion for Judicial Review. Doc. No. 22 ("Joint Motion"). Having considered the parties' arguments, applicable law, and the record before it, and for the reasons discussed below, the Court **AFFIRMS** the Commissioner's final decision.

## II. BACKGROUND

### A. Procedural History

On March 30, 2018, Plaintiff applied for supplemental security income benefits, alleging disability beginning on April 8, 2016. AR 73–74. The Commissioner denied Plaintiff's claim initially on June 19, 2018, and upon reconsideration on November 28, 2018. AR 97–101, 107–111. Plaintiff requested a de novo hearing before an ALJ on January 25, 2019. AR 112–113. The ALJ set the matter for hearing on December 5, 2019. AR 131. On that date, the ALJ postponed the hearing until April 23, 2020, to allow Plaintiff an opportunity to consider obtaining representation, submit further medical evidence records, and obtain a language interpreter. AR 11. On April 23, 2020, the ALJ postponed the hearing until August 27, 2020, for the same reasons as the previous postponement. AR 34–46. In total, the ALJ postponed the hearing five times to allow the Plaintiff to consider obtaining representation, submit further medical evidence records, and obtain a language interpreter. AR 11. The ALJ held the final hearing on August 26, 2021 and heard testimony from Plaintiff, with the assistance of an interpreter, and a vocational expert ("VE"). AR 50–72.

On September 17, 2021, the ALJ issued a written decision finding that Plaintiff was not disabled. AR 11–24. On September 2, 2022, the Appeals Council declined review, rendering the ALJ's decision the final decision by the Commissioner. AR 1–5; 42 U.S.C. § 405(h). On January 6, 2023, Plaintiff initiated this action seeking judicial review of the

ALJ's decision. Doc. No. 1. The parties filed the Joint Motion on July 31, 2023. Doc. No. 22.

### B. Summary of ALJ's Decision

The ALJ followed the Commissioner's five-step sequential evaluation process to determine whether Plaintiff was disabled. *See* AR 12–13; 20 C.F.R. § 416.920(a).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 30, 2018, the application date. AR 13. At step two, the ALJ found that Plaintiff had the following severe medically determinable impairments: incipient degenerative disc disease, obesity, and epigastric pain of uncertain etiology. AR 14. The ALJ determined that Plaintiff's medically determinable mental impairments of adjustment disorder with mixed anxiety and depression, and post-traumatic stress disorder (PTSD), considered singly and in combination, caused no more than mild limitation in her ability to perform basic mental work activities and therefore were non-severe. AR 14–15. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or was medically equivalent to those in the Commissioner's Listing of Impairments. AR 16. At step four, the ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations: frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance, stoop, or crouch; and occasionally kneel or crawl. AR 16.

At step five, based on the VE's testimony, the ALJ found that Plaintiff was able to perform past relevant work as a Companion and other work that exists in significant numbers in the national economy, including Kitchen Helper and Hand Packager. AR 21–23. Accordingly, the ALJ found Plaintiff not disabled from March 30, 2018, the application date, through September 17, 2021, the date of his decision. AR 23.

### III. STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020); *see*

42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla," and "means only . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (substantial evidence is "more than a mere scintilla, but less than a preponderance"). A court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

The Court may not impose its own reasoning to affirm the ALJ's decision. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). "If the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (internal quotations omitted). Thus, "review of an ALJ's fact-finding for substantial evidence is deferential, and the threshold for such evidentiary sufficiency is not high." *Id.* at 1159 (internal quotations omitted) (quoting *Biestek*, 587 U.S. at 103); *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) ("Overall, the standard of review is highly deferential.").

Lastly, the Court will not reverse for harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). "An error is harmless only if it is inconsequential to the ultimate nondisability determination." *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (internal quotations omitted).

**IV.   DISCUSSION**

    **A.   <u>Plaintiff's Arguments</u>**

As a threshold matter, the Court notes that Plaintiff does not articulate clear or discrete legal issues for the Court's consideration. Plaintiff states only that she "does not

defer to the ALJ's decision" and "presents new evidence."³ Joint Motion at 4. Plaintiff also argues generally that "[n]ew evidence should change the case's decision," lists several medical conditions and/or ailments, and identifies what Plaintiff represents are "new medical reports." *Id.* at 7, 15. Plaintiff further indicates that she "was not able to provide the court and the ALJ with the needed medical reports, and this cost [sic] [her] to lose ALJ approval." *Id.* at 7. Lastly, Plaintiff highlights two reports by Dr. Ha Bich Mistry and complains that the ALJ purportedly did not consider either. *Id.* at 20 ("My question is: why the ALJ didn't take these medical reports and many others issued by my family care doctor into consideration before taking [sic] his decision and denying my case.").

Because Plaintiff is proceeding pro se, the Court liberally construes Plaintiff's arguments. *See Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."); *United States v. Qazi*, 975 F.3d 989, 992–993 (9th Cir. 2020) ("pro se filings, however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers"). Based on a liberal construction, the Court interprets Plaintiff's contentions as raising the following two issues: (i) whether Plaintiff presents new evidence that warrants remand for consideration of the new evidence; and (ii) whether the ALJ breached his duty to properly develop the record. The Court addresses each in turn, and based on a thorough review of the record, including Plaintiff's complaint and the exhibits attached thereto, finds no basis for remand or reversal. The Court further finds that Plaintiff waived any arguments concerning the ALJ's findings of fact and conclusions of law as she does not otherwise raise with sufficient specificity any legal errors by the ALJ.

---

³ Plaintiff also argues that she does not agree with the Commissioner's decision to not voluntarily settle this matter. As settlement is voluntary, the Commissioner is not required to accept Plaintiff's settlement proposal.

## B. Plaintiff's "New Evidence" Does Not Warrant Remand

In support of the contention that "[n]ew evidence should change the case's decision," Plaintiff presents a bulleted list of medical conditions/ailments coupled with a list of medical evidence that she seemingly represents is "new evidence." Joint Motion at 9–11, 15–19. Beyond listing medical conditions/ailments, Plaintiff does not articulate or identify how the ALJ erred in connection with any of the listed conditions/ailments. Joint Motion at 9, 17. In the absence of argument associated with any particular medical condition/ailment, the Court focuses instead on the "new evidence" Plaintiff references, as this is her primary contention. In this regard, Plaintiff indicates that the relevant evidence is "attached," *id.* at 9, except the Joint Motion does not attach any documents. *See generally* Doc. No. 22. Plaintiff did, however, attach voluminous medical records to the Complaint. *See* Doc. Nos. 1-1 through 1-11. Liberally construing Plaintiff's pleadings, and in the absence of any other records, the Court assumes the medical records attached to the Complaint comprise the "new evidence" that Plaintiff asks this Court to consider. A review of those records confirms that remand is not warranted.

The Social Security Act permits remand for consideration of new evidence "if a claimant presents evidence that is material to determining disability, and there is good cause for the failure to produce the evidence earlier." *Wainwright v. Sec'y of HHS*, 939 F.2d 680, 682 (9th Cir. 1991); *see also* 42 U.S.C. § 405(g); *Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984). Evidence is "material" if it bears "directly and substantially on the matter in dispute." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Further, Plaintiff must "demonstrate that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing." *Id.* (citing *Booz*, 734 F.2d at 1380–81). Plaintiff does not satisfy the standard for remand.

The majority of the records Plaintiff cites and attaches to the Complaint are already part of the administrative record and not in fact "new." For example, Plaintiff cites reports by her psychiatrist, Dr. Ha Bich Mistry, dated September 2, 2020 and October 21, 2020, as

"new medical reports." Joint Motion at 15. However, Plaintiff submitted both reports for the ALJ's consideration, which included Plaintiff's diagnoses of PTSD, Anxiety, and Major Depressive Disorder, and her prescribed medications. *See* AR 719–721, 733–734. And the ALJ specifically cites to both reports and discusses the September 2020 report at length, as part of his analysis of Plaintiff's mental impairments. AR 15. Moreover, many of the records attached to the Complaint summarize the same doctor visits documented in the administrative record. *Compare* AR 608–609 *with* Doc. No. 1-3 at 14–15; AR 607–608 *with* Doc. No. 1-3 at 21–22; AR 605–607 *with* Doc. Nos. 1-3 at 28–50 and 1-4 at 1–4; AR 600–603 *with* Doc. No. 1-4 at 30–41; AR 591–596 *with* Doc. Nos. 1-5 at 37–50 and 1-6 at 1–8; AR 747–751 *with* Doc. Nos. 1-6 at 44–50 and 1-7 at 1–12; AR 739–742 *with* Doc. No. 1-8 at 1–9; AR 800–805 *with* Doc. No. 1-9 at 12–25. Because most of Plaintiff's allegedly "new evidence" is already part of the administrative record, such evidence does not support remand.

As to the evidence that is new, none is material, and Plaintiff does not show a reasonable possibility that it would change the outcome of the administrative hearing. The new evidence consists of the following medical records:[4]

- An April 5, 2022 record documenting a voicemail message from Plaintiff to Dr. Pushpanjalie Wijeratne's office in which Plaintiff complains of abdominal pain. The doctor's office called Plaintiff back twice to discuss her symptoms and sent her a letter but did not receive a call back from Plaintiff regarding this issue. Doc. No. 1-9 at 30–34.

- An April 26, 2022 office visit with Dr. Pushpanjalie Wijeratne, where Plaintiff's chief complaint was abdominal pain. Doc. No. 1-9 at 40–50 and 1-10 at 1–14. The doctor noted that she has "chronic symptoms with no significant [a]bnormality on test in the past." Doc. No. 1-9 at 43.

---

[4] As part of its analysis of "new evidence," the Court does not consider records attached to the Complaint that do not touch on Plaintiff's medical care, symptoms, or conditions/ailments. *See, e.g.*, Doc. No. 1-9 at 38-40 (advertising a new member pharmacy program to gather patient prescription information).

7

- An April 29, 2022 electronic message from Dr. Pushpanjalie Wijeratne's office to Plaintiff stating that her blood sugar test was improved compared to the last test. Doc. No. 1-10 at 20–21.

- A June 27, 2022 telephone encounter with Dr. Pushpanjalie Wijeratne's office, where Plaintiff requested an appointment for sleep problems. Doc. No. 1-10 at 22–24.

- A July 5, 2022 office visit with Dr. Joann Totah, where Plaintiff's chief complaint was ear problems. This record reflects a diagnosis of left TMJ disorder, a condition that limits the movement of the jaw. Doc. No. 1-10 at 24–33.

- A July 23, 2022 office visit with Dr. Alyssa Brooke-Delpizzo, where Plaintiff's chief complaints were neck pain and ear pain. Doc. No. 1-10 at 43–50 and 1-11 at 1–6.

- A July 25, 2022 office visit with Stefenie Casuto P.A., where Plaintiff's chief complaint was left ear pain. The record reflects a diagnosis of left otalgia, left hearing loss, and left subjective tinnitus. Doc. No. 1-11 at 9–14.

- An August 22, 2022 office visit with Christine Hiatt A.U.D., where Plaintiff's chief complaint was left hearing loss, left tinnitus, left ear pain, and dizziness. The record reflects a diagnosis of asymmetric bilateral sensorineural hearing loss and left subjective tinnitus. The record also indicates that "the left ear has a mild to severe sensorineural hearing loss 250-8 k Hz." Doc. No. 1-11 at 23–31.

- A September 8, 2022 office visit with Brenda Guerrero P.A., where the Plaintiff's chief complaint was hearing problems in the left ear. The record reflects a diagnosis of asymmetric bilateral sensorineural hearing loss. Plaintiff notes "difficultly hearing the TV and gradual decline in hearing." Doc. No. 1-11 at 37–44.

- An October 3, 2022 psychiatric appointment with Dr. Ha Bich Mistry relating to Plaintiff's PTSD and anxiety. Doc. No. 1-2 at 6.

As reflected by their date, each record was generated in 2022 and falls outside the relevant period of potential benefit eligibility—March 30, 2018 (date Plaintiff filed her claim) through September 17, 2021 (date of decision). AR 11. Indeed, Plaintiff admits the new evidence consists of medical records created *after* the ALJ's decision. *See* Joint Motion at 10 ("Most of the medical reports that I attached here were issued by specialist doctors in the period following the decision denying my case . . . ."). As such, the new

records are not material because none bear "directly and substantially" on the time period considered by the ALJ and thus none are probative of Plaintiff's impairments as they existed during the relevant time. *See, e.g.*, *Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 511–512 (9th Cir. 1987) (rejecting new evidence consisting of psychological evaluations as immaterial because it was not probative of the plaintiff's condition "as it existed at the relevant time – at or before the disability hearing"); *Mohdmahir Bin Abdullah v. Comm'r of Soc. Sec.*, No. 17-cv-2522-DMC, 2019 U.S. Dist. LEXIS 133908, at *9 (E.D. Cal. Aug. 7, 2019) (finding new evidence submitted for the first time in federal court immaterial because it post-dated the ALJ's hearing and decision); *Garcia v. Kijakazi*, No. 22-cv-00632-SKO, 2023 U.S. Dist. LEXIS 164319, at *11 (E.D. Cal. Sept. 14, 2023) (finding new evidence proffered by a plaintiff immaterial where it did not relate to the relevant time period); *Nash v. Comm'r of Soc. Sec.*, No. 20-cv-104-KJN, 2021 U.S. Dist. LEXIS 69584, at *10–*11 (E.D. Cal. Apr. 9, 2021) (finding new evidence immaterial where the records submitted by plaintiff were generated "a time period well after the ALJ issued the decision").

However, even if the Court were to consider the new records, there is no reasonable possibility that any would change the outcome of the ALJ's determination. First, one subset of records, specifically records from April 5, 2022, April 29, 2022, and June 27, 2022, relate to administrative tasks such as appointment scheduling or reporting a favorable blood sugar test. None would impact the ALJ's determination.

A second subset reflects five appointments concerning Plaintiff's hearing loss. This includes the appointments on July 5, 2022, July 23, 2022, July 25, 2022, August 22, 2022, and September 8, 2022. Plaintiff's hearing loss was not significantly at issue in the underlying proceedings. Hearing loss did not form a basis for Plaintiff's application for disability, *see* AR 73–74, 85–86, and more importantly, none of the records before the ALJ suggest Plaintiff suffered from a disabling hearing loss impairment at the time of the hearing. These new records, at most, indicate a condition developed after the hearing, which would not be probative of those impairments at issue before the ALJ.

A third subset consists of the April 26, 2022 medical record, where Plaintiff's chief complaint was abdominal issues. The ALJ considered Plaintiff's abdominal issues and concluded that Plaintiff's epigastric pain was a severe medically determinable impairment. AR 14. The ALJ also considered Plaintiff's abdominal issues in his RFC assessment. AR 18–21. This April 26, 2022 record does not reflect a new condition or diagnosis concerning those abdominal issues, new testing reflecting new symptoms, or any associated functional limitations. Therefore, there is no reasonable possibility that this one additional medical record concerning similar abdominal pain would change the outcome of the ALJ's determination.

The fourth and final subset includes the October 3, 2022 record, reflecting Plaintiff's visit with Dr. Mistry regarding her PTSD and anxiety. The medical evidence considered by the ALJ reflected a diagnosis of PTSD, anxiety, and major depressive disorder. AR 654–655, 686–688, 719–721, 733–734, 752–753, 821–827. Further, the ALJ considered Plaintiff's PTSD and anxiety and determined they were non-severe impairments. AR 14. The ALJ also addressed Plaintiff's PTSD, anxiety, and depression in the RFC assessment. AR 18–21. This October 3, 2022 record does not reflect a new condition or diagnosis concerning Plaintiff's mental health, new testing reflecting new symptoms, or any associated functional limitations. As a result, there is no reasonable possibility that this one additional medical record reflecting a visit with Dr. Mistry would change the outcome of the ALJ's determination.

In short, based on a review of those records made available to the Court, *i.e.*, those attached to the Complaint, no new evidence exists that warrants remand.

### C.     **The ALJ Properly Developed the Record**

Plaintiff states that she was "unable to provide the court and the ALJ with the needed medical reports, and this cost [sic] [her] to lose ALJ approval." Joint Motion at 9. Based on a liberal construction, this statement seemingly touches on the ALJ's duty to develop the record. Hence, the Court addresses whether the ALJ failed to adequately develop the record.

"In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes*, 276 F.3d at 459. "When the claimant is unrepresented, however, the ALJ must be especially diligent in exploring for all the relevant facts." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Id.*; *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998). The ALJ may discharge this duty in one of several ways, including continuing the hearing and keeping the record open after the hearing to allow supplementation of the record. *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998).

Here, the ALJ held the first hearing on December 5, 2019. The ALJ held subsequent hearings on April 23, 2020, August 27, 2020, December 3, 2020, and August 12, 2021. AR 11. At each hearing, the ALJ asked Plaintiff if there were any other medical documents that needed to be in the record, and on each occasion, the ALJ gave Plaintiff the opportunity to provide additional medical records. AR 11, 45–46. Plaintiff took advantage of the opportunity, and she supplemented the record with physical and mental health records from 2019 and 2020. AR 53–54. In total, the ALJ continued the hearing five times over a span of one year and nine months to allow Plaintiff to submit further medical evidence, consider obtaining an attorney, and obtain a language interpreter. AR 11. And Plaintiff acknowledges that the ALJ "held [s]ix sessions of hearing" and asked Plaintiff for more medical reports. Joint Motion at 2. Thus, by the time the ALJ held the final hearing on August 26, 2021, the administrative record included hundreds of pages of medical records dating from 2012 through 2020.[5] *See, e.g.*, AR 423–836.

---

[5] At the final hearing on August 26, 2021, the ALJ again asked Plaintiff if the record was complete and even gave Plaintiff the opportunity to keep the record open for 14 days

The Court finds that the ALJ fulfilled his duty to assist in developing the record by giving Plaintiff multiple opportunities over more than a year and a half to identify and submit medical evidence in support of her disability claim. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005) ("The claimant carries the initial burden of proving a disability."). Moreover, the medical evidence submitted by Plaintiff was supplemented by the opinions from two psychological consultants, Mark Stephenson, Ph.D. and Joshua D. Schwartz, Ph.D., and two medical consultants, H. Samplay, M.D. and F. Kalmar, M.D. AR 77–81, 90–93. Following the hearing on August 26, 2021, the Court also finds that the record before the ALJ was adequate to allow for proper evaluation of Plaintiff's claim, and there is no argument suggesting that the record was ambiguous.

To the extent Plaintiff indicates that she was unable to provide the ALJ with "needed medical reports," the Court notes that this failure seemingly stems from a loss of health insurance in 2018 when Plaintiff's husband became unemployed. Joint Motion at 7. According to Plaintiff, the loss of insurance prevented Plaintiff from identifying a "mental specialist" and continuing to treat her "physiological condition," and "therefore" she was unable to provide the "needed medical reports." *Id.* Hence, a lack of insurance caused a gap in medical treatment, which in turn limited the available medical records. The ALJ cannot be faulted for a lack of available medical records.

### D. **Plaintiff Waived Any Arguments Concerning the ALJ's Findings and Conclusions**

Lastly, the Court addresses Plaintiff's statement that the ALJ purportedly failed to consider Dr. Mistry's September 2, 2020 and October 21, 2020 reports. Joint Motion at 20. Plaintiff does not offer any concrete argument as to how this alleged failure constitutes reversible error. In fact, beyond stating that she "does not defer to the ALJ's decision" and

---

> following the hearing. AR 54–56. Plaintiff expressed no interest in keeping the record open, and given the passage of time, the ALJ concluded that the record would be deemed complete as of that date. *Id.*

referencing "new evidence," Plaintiff does not offer any cogent reasons for why reversal is warranted.

The Commissioner interprets Plaintiff's "overall argument" as seemingly "taking issue with the ALJ's decision to find that her mental impairments were not severe." *Id.* at 12. The question of whether Plaintiff has a "severe" medically determinable impairment arises at step two in the five-step sequential evaluation process. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006) ("Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work?"). The Court is not persuaded that Plaintiff is arguing that the ALJ erred at step two as she makes no mention of severity or even focuses on mental impairments.

While the Court has an obligation to liberally construe Plaintiff's pleadings and afford her the benefit of any doubt, the Court cannot manufacture arguments for Plaintiff. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003) (holding that the court "cannot manufacture arguments for an appellant" and requiring that "contentions [] be accompanied by reasons"). And "[a] general allegation that the ALJ committed legal error, or that the ALJ's determination is not supported by substantial evidence, is simply not enough." *Behrooz Abdul K. v. Comm'r of Soc. Sec.*, No. 22-cv-00511-AKB-REP, 2024 U.S. Dist. LEXIS 46355, at *6 (D. Idaho Mar. 13, 2024) (citing *Indep. Towers of Wash.*, 350 F.3d at 929).

Here, Plaintiff states that she "does not defer to the ALJ's decision" but fails to articulate how the ALJ erred. Joint Motion at 4. To the extent Plaintiff suggests that the ALJ did not consider the above-referenced reports by Dr. Mistry, Plaintiff is mistaken. The reports are part of the administrative record and the ALJ cites to both reports more than once in his decision. *See* AR 15, 18. Beyond this question and the issues already addressed relating to new evidence and the ALJ's duty to develop the record, Plaintiff does not raise or explain with any specificity any claimed legal error. As such, the Court has no adequate basis to analyze any claim concerning "the ALJ's decision." Accordingly, because the Court cannot manufacture arguments for Plaintiff, the Court finds that Plaintiff waived any

arguments concerning the ALJ's findings and conclusions. *See Gallegos v. Comm'r of Soc. Sec.*, No. 23-cv-00090-SAB, 2024 U.S. Dist. LEXIS 56674, at *22 (E.D. Cal. Mar. 27, 2024) (finding that Plaintiff "waived any argument regarding the ALJ's specific findings of fact and conclusion of law" by failing to offer any concrete argument as to how the ALJ erred); *Moore v. Comm'r of Soc. Sec.*, No. 16-cv-00875-KJN, 2017 U.S. Dist. LEXIS 128217, at *13 (E.D. Cal. Aug. 11, 2017) ("[P]laintiff fails to argue this issue with any specificity, beyond his conclusory assertion [and] [p]reliminarily, the court need not address issues that are not fully briefed."); *Groom v. Berryhill*, No. EDCV 17-1117 JC, 2018 U.S. Dist. LEXIS 52278, at *18 (C.D. Cal. Mar. 27, 2018) ("Plaintiff's Motion again provides no specific argument regarding how the ALJ specifically erred in such respect, and thus fails to persuade the Court that a remand is warranted here."); *Patricia Z. v. Comm'r of Soc. Sec.*, No. 18-cv-930 TLF, 2019 U.S. Dist. LEXIS 65106, at *15 (W.D. Wash. Apr. 16, 2019) (holding that "a bare assertion of an issue does not preserve a claim" and despite recitation of evidence, plaintiff offered "no cogent reasons (apart from the argument discussed above) to explain why or how the evidence justifies reversal of the ALJ's decision"); *Garcia v. Comm'r of SSA*, No. CV-21-00191-PHX-JJT, 2022 U.S. Dist. LEXIS 195121, at *8 (D. Ariz. Oct. 26, 2022) ("Plaintiff fails to argue with any specificity as to which particular ailments Plaintiff believes the ALJ did not correctly consider when discounting the symptom testimony.").

## V. CONCLUSION

Based on the foregoing reasons, the Court **AFFIRMS** the Commissioner's final decision. Accordingly, **IT IS HEREBY ORDERED** that judgment be entered in favor of Defendant Commissioner of Social Security and against Plaintiff. The Clerk of the Court is directed to close this action.

**IT IS SO ORDERED.**

Dated: September 26, 2024

Honorable Valerie E. Torres
United States Magistrate Judge